## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**OSCAR HERNANDEZ,**

     **Plaintiff,**

**v.**                                          **Case No.  8:05-cv-1434-T-30EAJ**

**MANATEE COUNTY,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Manatee County's Dispositive Motion to Dismiss Count II of Plaintiff's Complaint and Supporting Memorandum of Law (Dkt. #19), and Plaintiff's Response to Defendant Manatee County's Dispositive Motion to Dismiss Count II of Plaintiff's Complaint and Supporting Memorandum of Law (Dkt. #20). The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, finds that Defendant's Motion should be granted.

In the Complaint, Plaintiff brings the following claims: Count I - Race Discrimination in Violation of the Florida Civil Rights Act (FCRA); Count II - Common Law Action for Negligent Supervision, Training, or Retention; Count III - Race Discrimination in Violation of Title VII; Count IV - Wrongful Retaliation in Violation of Fla. Stat. § 440.205. Defendant seeks to dismiss Count II of Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## Motion to Dismiss Standard Under 12(b)(6).

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

**Analysis**

Under Florida law, "negligent supervision and retention occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicates his unfitness and the employer fails to take further action such as investigation, discharge, or reassignment." Martinez v. Pavex Corp., 422 F.Supp.2d 1284, 1298 (M.D. Fla. 2006).  Liability will thus attach when an employer knew or should have known about the offending employee's unfitness and failed to take the appropriate action. Id.  The "underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from *a tort which is recognized under common law*." Freese v. Wuesthoff Health System, Inc., No. 6:06-cv-175-Orl-31JGG, 2006 WL 1382111, *8 (M.D. Fla. May 19, 2006), citing Scelta v. Delicatessen Support Servs., Inc., 57 F.Supp.2d 1327, 1348 (M.D. Fla. 1999) (emphasis added).

In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff argues that Plaintiff's claims in Count II stem from the underlying tort for wrongful retaliation asserted in Count IV of Plaintiff's Complaint.  Count IV is based on a cause of action for wrongful retaliation under Fla. Stat. §440.205.  Notably, Count IV is based on Florida statutory law, not Florida common law.  Furthermore, all other claims asserted by Plaintiff in the Complaint are based on either federal or Florida statutory law.  Thus, Plaintiff has failed to allege an underlying injury resulting from a tort which is recognized under common law.  For this reason, the allegations contained and incorporated within Count II of Plaintiff's Complaint

fail to state a claim upon which relief may be granted; and therefore, Count II should be dismissed pursuant to Rule 12(b)(6).

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Manatee County's Dispositive Motion to Dismiss Count II of Plaintiff's Complaint and Supporting Memorandum of Law (Dkt. #19) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1434.dismiss Count II.wpd